NORMAN J. CHITTENDEN *vs.* CELESTIA LAPHAM.

Berkshire.   September 15, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Contract*, Consideration, Performance and breach. *Landlord and Tenant*, Surrender.

A surrender by the lessee of his rights under a lease in writing of land is good consideration for a promise by the lessor to reimburse the lessee for expenditures made upon the land during the period of his occupancy.

Evidence, in an action by the lessee against the lessor to enforce such a promise, that the defendant desired the surrender because he wished to sell the land; that, after the alleged promise was made, the plaintiff vacated the land and moved to another town; and that the land thereafter was occupied solely by the purchaser, warranted findings that the plaintiff had surrendered the lease, even if he did not surrender the key to the house on the land and did not remove all his furniture therefrom; and warranted a finding for the plaintiff.

CONTRACT.   Writ dated August 19, 1929.

The action was heard in the Superior Court without a jury by *W. A. Burns*, J.   Material evidence is stated in the opinion.   The judge refused to rule that the plaintiff could not recover; and found for the plaintiff in the sum of $844.20.   The defendant alleged an exception.

*M. B. Warner*, for the defendant.

*F. M. Myers*, for the plaintiff.

CROSBY, J.   Since this action was brought the defendant Mary K. Lapham has deceased and no administration has been taken out on her estate.   It is therefore stipulated by the parties that whatever liability there might be on the part of either defendant is assumed by the defendant Celestia Lapham, that any final judgment which might be obtained by the plaintiff should be assumed and paid by her, and that the action should be discontinued as to Mary K. Lapham, without costs.

The plaintiff seeks to recover damages for the alleged breach of an oral contract, whereby the defendant agreed to reimburse him for expenditures for labor performed and

materials furnished by him while he occupied and carried on a certain farm in the town of Hancock under a written lease thereof executed and delivered to him by the defendant. The lease was dated October 1, 1927, for a term of six years from April 1, 1928, the plaintiff agreeing to pay the taxes annually assessed on the leased property and for all necessary repairs made upon the premises. The lessors desired to sell the farm, and on or about March 15, 1929, the defendant suggested to the plaintiff that he vacate the premises. There was evidence tending to show that the plaintiff expressed a willingness to comply with the defendant's suggestion, but he did not state upon what terms he would do so.

About April 19, 1929, the defendant found a prospective purchaser of the farm, named Johnson. Two letters written by the plaintiff's wife to the defendant, dated respectively March 15 and March 31, 1929, were admitted in evidence. They were written with the knowledge and consent, and at the request, of the plaintiff. About the middle of April, 1929, there was a conversation between the defendant and the plaintiff's wife respecting which the latter testified as follows: the defendant "said, 'How would Norman [the plaintiff] feel about my selling the place?' and I said, 'He realizes that it's a burden to you and I am sure he wouldn't stand in your way, only he has put a lot of money in there that he has got nothing out of.' She said, 'I should expect to pay Norman for all he has put on the place. I don't want him to give me anything.' I said, 'I don't think he would hesitate under those conditions, but I will talk with him and see.'" The plaintiff's wife further testified that after this conversation she spoke to her husband, and the next morning said to the defendant, "' . . . if you wanted to settle for what he [the plaintiff] had put on the place he wouldn't stand in the way of your selling,' and . . . that the defendant answered, 'I should expect to pay him for what he has put on the place.'" After this conversation the plaintiff's wife, with his knowledge and consent, prepared a list of items which he claimed had been expended by him on the

farm during his tenancy before the list was made up. The list was produced at the trial. The plaintiff testified that the list was sent to the defendant a day or two following the last conversation, and the same night the latter stated to the plaintiff in substance that one Johnson, the prospective purchaser, said the list was all right except as to two items which he, Johnson, was to pay the plaintiff for, and that as to the other items the defendant said "The rest of it is for me." There was evidence that thereafter the farm was sold by the defendant to Johnson; that he took possession and occupied it from June 1, 1929, and the plaintiff and his wife moved to Williamstown; that the plaintiff had not surrendered the key to the house, or removed all of his furniture from the farm, but he had not occupied the premises after June 1, 1929, and after that date it was in the sole occupation of Johnson.

At the close of the evidence the defendant in writing requested the trial judge to rule that upon the evidence the plaintiff could not recover. This request was denied. A finding was made for the plaintiff and damages were assessed in the sum of $844.20. The refusal to grant this request presents the only question of law raised by the exceptions.

If, as the trial judge was warranted in finding, the plaintiff surrendered his rights under the lease in consideration of the promise of the defendant to reimburse him for expenditures made upon the leased premises during his occupancy under the lease, such promise was founded upon a sufficient legal consideration. Whether the plaintiff surrendered his right to occupy the premises before the expiration of the terms of the lease and whether he surrendered possession of the premises upon the defendant's promise to reimburse him for his expenditures presented questions of fact which were decided adversely to the defendant upon sufficient evidence, notwithstanding her testimony to the effect that she never agreed to pay the plaintiff for such expenditures. The facts that the plaintiff did not surrender the key to the house and did not remove all his furniture when he vacated the premises do

not preclude his recovery. The purchaser took full possession on or about June 1, 1929. In these circumstances the trial judge was justified in finding that after June 1 the possession of the farm was surrendered by the plaintiff and that it was thereafter occupied by Johnson. The judge was warranted in finding upon the evidence that the plaintiff paid all the taxes assessed on the property during his occupancy and performed all the obligations imposed upon him by the terms of the lease.

As it could not rightly have been ruled that the plaintiff could not recover, the entry must be

*Exceptions overruled.*